UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLIVE A. ROSE, | Civil Action No. 17-11592 (SDW) |
| Petitioner, | |
| v. | OPINION |
| JOHN TSOUKARIS, | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Clive A. Rose, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 5). Petitioner thereafter filed a supplemental brief (ECF No. 7), to which the Government responded. (ECF No. 8). Petitioner thereafter filed a reply. (ECF No. 9). Following an order from the Court, the Government filed a sur-reply. (ECF No. 12). For the reasons set forth below, this Court will deny the petition without prejudice.

**I. BACKGROUND**

Petitioner, Clive Rose, is a native and citizen of the United Kingdom who was originally admitted into the United States in March 1975 as a legal permanent resident. (Document 1 attached to ECF No. 5 at 4). Following a considerable criminal history culminating in charges of possession of cocaine with intent to distribute in 2006, Petitioner was issued a notice to appear for removal proceedings in June 2014. (*Id.*). That notice, however, was not served on Petitioner until March 2016 as Petitioner had been in state custody at the time the notice to appear was issued. (*Id.* at 3; Document 2 attached to ECF No. 5). Petitioner was thereafter ordered removed in November

1

2016, but that removal order was reversed and remanded by the Board of Immigration Appeals ("BIA") in March 2017. (Document 3-4 attached to ECF No. 5).

While Petitioner was litigating his removal proceedings, however, he filed with a petition for a writ of habeas corpus in this district arguing that his detention had become prolonged and therefore violated his Due Process rights. (*See* Document 5 attached to ECF No. 5). On April 17, 2017, Judge Linares granted that petition as the Government did not oppose the granting of a bond hearing and ordered an immigration judge to conduct a bond hearing for Petitioner. (*Id.*). Following a bond hearing, however, the immigration judge denied bond as the immigration judge determined that Petitioner was a flight risk and danger to the community based on his considerable criminal history. (Document 6 attached to ECF No. 5). Petitioner appealed that decision, but the BIA affirmed the denial of bond. (Document 7 attached to ECF No. 5). After immigration officials determined that Petitioner was now being held pursuant to their discretionary authority after the granting of Petitioner's habeas petition, Petitioner was thereafter provided another bond hearing, but bond was again denied on May 18, 2017. (Documents 8-9 attached to ECF No. 5). Petitioner filed a late notice of appeal as to that decision, and BIA therefore dismissed his attempt to appeal. (Document 11 attached to ECF No. 5). Petitioner thereafter requested a bond redetermination, but that redetermination was also denied on October 3, 2017. (Document 10 attached to ECF No. 5).

Petitioner's removal proceedings continued throughout the bond litigation period. On December 11, 2017, however, an immigration judge ordered Petitioner removed to the United Kingdom, and denied Petitioner various other forms of relief including asylum, withholding of removal, relief under the Convention Against Torture, and deferral of removal. (Document 12 attached to ECF No. 5). Petitioner timely appealed. (Document 13 attached to ECF No. 5). On April 20, 2018, however, the BIA affirmed the denial of relief and order of removal and dismissed

Petitioner's appeal. (Document 1 attached to ECF No. 12). Petitioner is therefore now subject to a final order of removal. It does not appear that Petitioner has filed an appeal with the Court of Appeals or sought a stay of removal since April 2018.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

Throughout his filings, Petitioner contends that he is being held pursuant to either 8 U.S.C. § 1226(a) or § 1226(c) and that he should be entitled to either a new bond hearing or release because his detention has become prolonged and because he believes that he did not receive all the process he was due at his various bond and bond redetermination hearings. Contrary to Plaintiff's assertions, however, he is no longer detained pursuant to § 1226. While § 1226 governs the detention of aliens such as Petitioner during their removal proceedings, once an alien has received

a final order of removal, he is no longer subject to § 1226 detention and instead the basis for his detention becomes 8 U.S.C. § 1231(a). *See, e.g., Leslie v. Att'y Gen.*, 678 F.3d 265, 268-69 (3d Cir. 2012). Because Petitioner is subject to a final order of removal insomuch as he was ordered removed and the BIA affirmed and dismissed his appeal, and is therefore detained under § 1231(a), any challenge Petitioner may have had regarding his detention under § 1226(a) or (c) is effectively moot as he is no longer detained under either subsection of § 1226. *See, e.g., Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (entry of final order of removal in the form of dismissal of appeal by the BIA renders challenges to pre-final order detention under § 1226 moot). Because Petitioner is now detained under § 1231(a), he could only establish that he is entitled to relief from immigration detention by meeting the requirements set out by the Supreme Court in *Zadvydas*.

In *Zadvydas*, the Supreme Court observed that § 1231(a) commands the Government to detain all aliens subject to administratively final orders of removal during a ninety day statutory removal period. 501 U.S. at 683. The Court then held that the statute does not limit post-removal order detention to this ninety day period – instead the statute permits the Government to detain aliens beyond that ninety day period so long as their detention remains "reasonably necessary" to effectuate their removal. *Id.* at 689, 699. Based on these determinations and the Court's observations regarding the ordinary course and length of removal proceedings, the Court in ultimately determined that an alien may be detained under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention must be presumed to be reasonable and therefore constitutionally permissible. *Id.* at 701. Even where an alien's detention exceeds this presumptively reasonable period, however, the alien does not automatically become entitled to relief from immigration detention. Under *Zadvydas*, once the six month period expires, an alien seeking relief must first present the Court with "good reason to

4

believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Alexander v. Att'y Gen.*, 495 F. App'x 274, 276 (3d Cir. 2012) (quoting *Zadvydas*, 533 U.S. at 701). Where an alien meets this initial burden, the Government can establish its continued authority to detain only if the Government can rebut his evidence and show that the alien's removal remains likely in the reasonably foreseeable future. *Id.*

In this matter, Petitioner received his administratively final order of removal when the BIA dismissed his appeal on April 20, 2018. As just over a month has passed since the entry of Petitioner's final order of removal, he is currently within the ninety day statutory removal period, and the Government is required to detain him throughout that period as attempts are made to remove him to his home country. As Petitioner is still well within the removal period, and is thus still many months away from exceeding the six month presumptively reasonable period of detention under § 1231(a), his detention must be presumed to be reasonable and constitutional. Petitioner is thus not entitled to relief pursuant to *Zadvydas*, and his habeas petition must therefore be denied without prejudice.

### III. CONCLUSION

For the reasons expressed above, this Court denies Petitioner's habeas petition (ECF No. 1) without prejudice. An appropriate order follows.


Dated: May 23, 2018            *s/ Susan D. Wigenton*
                               Hon. Susan D. Wigenton,
                               United States District Judge